UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT FORT WAYNE

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-470-PPS-AZ |
| DYLAN LaROWE and J. CARPENTER, | |
| Defendants. | |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. [ECF 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog is a pretrial detainee at the DeKalb County Jail, and he alleges that Corporal Dylan LaRowe is violating his Fourteenth Amendment due process rights by harassing him. Harassment of a pretrial detainee can be a constitutional violation under the Fourteenth Amendment if the harassment rises to the level of "punishment." *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). An action can amount to punishment if it "is 'imposed for the purpose of punishment,'" or if it "'is not

reasonably related to a legitimate goal—if it is arbitrary or purposeless.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979)). In the absence of an express intent to punish, a pretrial detainee can show that a challenged action is "not rationally related to a legitimate governmental objective" or, if it is related, that it is "excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quotation marks omitted). I do not look at the officer's subjective intent when making this determination, but rather the objective evidence. *Id.* In making this determination, I must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Herzog singles out three incidents that he says constitute unconstitutional harassment. First, he says that one night after he kicked his cell door a few times, Corporal LaRowe came and put him in "the wrap"[1] and took his water privileges for seven days. Second, Herzog alleges Corporal LaRowe began going out of his way to instigate things by answering his medical requests himself. And, third, Herzog filed a grievance after he realized that the jail was going through his mail, and Corporal LaRowe responded that DeKalb County Jail policy allows jail staff to open mail and reseal it.

Out of these, only the first incident plausibly alleges a potential Fourteenth Amendment violation. I can reasonably infer that Herzog was placed in "the wrap" and his water privileges were taken away because he kicked his cell door. It is possible that

---

[1] The court assumes Herzog is referring to being placed in a special restraint system called the WRAP. *See The WRAP by Safe Restraints*, https://www.commandsourcing.com/wrap.html (last visited Feb. 10, 2025).

these consequences were a reasonable response to Herzog's kicking the door, in order to maintain the security of the jail. But it also may be an excessive reaction to Herzog's actions.

The other incidents, however, do not plausibly allege that Herzog was being punished. As for Corporal LaRowe allegedly answering Herzog's medical requests, this is too vague to allow me to reasonably infer that anything unconstitutional happened. Herzog is entitled to have jail staff take "reasonable available measures" to address a "risk of serious harm" to his health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). But Herzog does not say what those medical requests were about or how he was harmed by Corporal LaRowe's involvement.

Similarly, Herzog's allegations concerning Corporal LaRowe's response to his grievance about his mail do not state a claim. First of all, he has no constitutional right to access the grievance process, so Corporal LaRowe's response to his grievance could not have violated his constitutional rights. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Second, Corporal LaRowe provided an accurate statement of the law. Although an inmate has a general First Amendment right to send and receive mail, that right does not preclude prison officials from examining the mail to ensure it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 575–76 (1974). Non-legal mail may be opened and inspected outside of an inmate's presence without running afoul of the Constitution. *See Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005).

3

Jail Commander J. Carpenter, however, must be dismissed. Herzog does not allege that Jail Commander Carpenter was personally involved in any of the incidents described above, and personal involvement is a requirement for liability under 42 U.S.C. § 1983. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Jail Commander Carpenter cannot be held liable based solely on his status as a supervisor because "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS Coltin Drew Herzog leave to proceed against Corporal Dylan LaRowe in his individual capacity for compensatory and punitive damages for reacting excessively to Herzog kicking his door by placing Herzog in restraints and taking away his water privileges for seven days in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES J. Carpenter;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Corporal Dylan LaRowe at DeKalb County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS DeKalb County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Corporal Dylan LaRowe to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 11, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT