UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

COLTIN DREW HERZOG,

    Plaintiff,

    v.                                      CAUSE NO. 1:24-CV-470-PPS-AZ

DYLAN LaROWE,

    Defendant.

## OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, is proceeding in this case against Corporal Dylan LaRowe in his individual capacity for compensatory and punitive damages. Herzog claims that, after he kicked his cell door, LaRowe reacted excessively by placing him in restraints and taking his water privileges away. Herzog says that this amounts to a violation of the Fourteenth Amendment. ECF 15 at 4.[1] Corporal LaRowe seeks summary judgment on the grounds that Herzog did not exhaust his administrative remedies before filing this lawsuit. ECF 26. The matter is fully briefed. ECF 35, 36, 38, 39.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby,*

---

[1] Herzog does not give an exact date for when this incident occurred, but it appears from his complaint that it happened in early July 2024. *See* ECF 1 at 2 (alleging the incident occurred "about 30 days" after June 12, 2024).

*Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 939 F.3d 769 (7th Cir. 2020).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The grievance process can become unavailable where "prison administrators thwart inmates from taking

2

advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). "When an inmate claims that the grievance process is unavailable because he fears reprisal, he must demonstrate that a person of 'ordinary firmness' would have been deterred from filing a grievance in the circumstances alleged." *Ebmeyer v. Brock*, 11 F.4th 537, 543 (7th Cir. 2021) (citation omitted).

Corporal LaRowe provides Herzog's grievance records, an excerpt from the Dekalb County Jail handbook, and an affidavit from Zack Shifflett, the Assistant Jail Commander at Dekalb County Jail, which show the following facts: During all relevant times, a grievance process was available to all inmates at the Dekalb County Jail. ECF 26-1 at 2. The grievance process is outlined in the Dekalb County Jail handbook, which was provided to Herzog on June 29, 2024. *Id.* at 2, 5. The grievance process consists of two steps: (1) the filing of a formal grievance through the electronic kiosk, which will be investigated and responded to in writing, and (2) an appeal. *Id.* at 2, 4.

Rather astoundingly, Herzog filed over one hundred grievances at the Dekalb County Jail. Yet none of those grievances related to his claim that Corporal LaRowe placed him in restraints or took away his water privileges for seven days in July 2024. *Id.* at 3, 6-119. Therefore, Herzog did not exhaust his available administrative remedies before filing this lawsuit against Corporal LaRowe. *Id.* at 3. Herzog concedes that he never submitted or exhausted any grievance related to his claim that Corporal LaRowe placed him in restraints and took away his water privileges for seven days in July 2024. I therefore accept that as undisputed.

3

Herzog argues instead that Corporal LaRowe made his administrative remedies unavailable by threatening him in the response to a grievance he filed in August 2024. ECF 35 at 1. Herzog is referring to a grievance he filed on August 25, 2024, in which he complained jail staff had violated his Fourteenth Amendment rights by placing him in protective custody ("August 25 grievance"). ECF 26-1 at 8. Corporal LaRowe responded to this grievance by stating "You were placed on PC for your own safety" due to a conflict with another inmate and "This matter will not be discussed again." *Id.* Herzog argues this response from Corporal LaRowe made his administrative remedies unavailable because it "forbid[ ]" him from "talking on the matter again." ECF 35 at 1.[2]

Here, Herzog has not shown he was in any way prevented from filing a grievance related to his claim that Corporal LaRowe placed him in restraints and took away his water privileges for seven days in July 2024. At the outset, it is undisputed this incident occurred in early July, so Corporal LaRowe's response to Herzog's August 25 grievance could not have prevented Herzog from grieving this incident. Regardless, Corporal LaRowe's response to Herzog's August 25 grievance – stating that Herzog was placed in protective custody for his own safety and the matter "will not be

---

[2] To be clear, Herzog is arguing that Corporal LaRowe's response to his August 25 grievance made his administrative remedies unavailable by deterring him from filing additional grievances. He is not arguing that his August 25 grievance exhausted his claim in this lawsuit. Herzog's August 25 grievance did not exhaust his claim in this lawsuit because his claim in his August 25 grievance (that he shouldn't be held in protective custody) did not put the jail on notice of his claim in this lawsuit (that Corporal LaRowe placed him in restraints and took away his water privileges for seven days in July 2024). *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (noting the purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy the problem); *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (finding an inmate's grievance can only exhaust a claim in a lawsuit if the grievance raises the same claim as the lawsuit); *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021) (concluding an inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint").

4

discussed again" – would not have deterred a person of "ordinary firmness" from filing a grievance complaining that Corporal LaRowe placed him in restraints and took away his water privileges in July 2024. *See Ebmeyer*, 11 F.4th at 543 (plaintiff did not show a person of "ordinary firmness" would be dissuaded from filing a grievance where the grievance forms were available to him, no one told him he could not file a grievance, no one "threatened to harm him if he filed a grievance," and "he filed and litigated his other shakedown complaints in the prison system.").

There is no evidence indicating a person of "ordinary firmness" would have interpreted Corporal LaRowe's response to Herzog's August 25 grievance as a "threat" and been deterred from filing additional grievances. Indeed, the record shows that, after Corporal LaRowe responded to Herzog's August 25 grievance, Herzog proceeded to file and fully exhaust *dozens* of more grievances at the Dekalb County Jail. *See generally* ECF 26-1 at 10–119; *Wagoner v. Lemmon*, 778 F.3d 586, 591 (7th Cir. 2015) (the fact the plaintiff was able to exhaust some grievances is a reason to reject his claim that he was prevented from exhausting other grievances). In fact, Herzog even filed a grievance complaining that Corporal LaRowe's response to his August 25 grievance violated his First Amendment rights, which was accepted by the grievance office and addressed on its merits. ECF 26-1 at 10.

In sum, the undisputed facts show Herzog did not file any grievance related to his claim that Corporal LaRowe placed him in restraints and took away his water privileges for seven days in July 2024. And Herzog has not shown his administrative remedies were unavailable since (1) he does not argue or provide any evidence the

grievance process was unavailable to him in July 2024, and, regardless, (2) Corporal LaRowe's response to Herzog's August 25 grievance would not have deterred a person of "ordinary firmness" from continuing to file grievances. Corporal LaRowe has therefore met his burden to show Herzog did not exhaust his administrative remedies before filing this lawsuit. Summary judgment is thus warranted in favor of Corporal LaRowe.

For these reasons, the court:

(1) GRANTS Corporal LaRowe's motion for summary judgment (ECF 26); and

(2) DIRECTS the clerk to enter judgment in favor of Corporal LaRowe and against Coltin Herzog and to close this case.

SO ORDERED on February 3, 2026.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT